Raymond F. DALY, Plaintiff–Appellant,

v.

The OBSERVATORY CORPORATION,
a Colorado corporation, d/b/a The
Observatory, Defendant–Appellee.

No. 85CA1192.

Colorado Court of Appeals,
Div. IV.

March 3, 1988.

Rehearing Denied March 24, 1988.

Certiorari Granted (Observatory)
Aug. 8, 1988.

Michael G. Sabbeth, Denver, for plaintiff-appellant.

Tilly and Graves, P.C., John W. Grund, Katherine L. Vaggalis, Denver, for defendant-appellee.

TURSI, Judge.

Plaintiff, Raymond F. Daly, appeals the trial court's dismissal of his claim against defendant, The Observatory Corporation. He asserts the trial court erred by entering a directed verdict on his premises liability claim after determining there was insufficient evidence of the defendant's breach of duty to submit that claim to the jury. We agree and therefore reverse.

The Observatory is a restaurant-bar owned by the defendant. On January 27,

1984, plaintiff and a friend, Michael Fitzpatrick, spent the evening having drinks at the bar. Russell Sheard, who was not acquainted with plaintiff or Fitzpatrick, was also drinking at the bar that evening. All three stayed at the bar until closing.

Sheard spent the evening flirting with the women working at the bar. Near closing Sheard offered to pay his tab with his credit card, but instead of signing the appropriate credit slips, destroyed them. The bartender retained Sheard's credit card and requested he pay in cash. Although Sheard eventually paid his tab with cash, he became upset because the bartender continued to hold his credit card.

Sheard went to the pay telephone to report the problem with his credit card to the police. While Sheard was on the telephone, the bartender asked him repeatedly to leave because it was closing time and she had to get everyone out. She suggested he go use a telephone across the road. Sheard continued his telephone conversation.

The bartender requested Fitzpatrick and plaintiff to stay until Sheard left. She testified she requested they stay because it was her experience that when two women are closing the bar, customers who do not want to leave "give them a real hard time"; however, if two men are present, they are more apt to leave.

Fitzpatrick then accosted Sheard as he spoke on the telephone. Fitzpatrick turned him around and pulled him into a position in which there was a face to face confrontation. Sheard pulled away and told Fitzpatrick it was none of his business. Fitzpatrick grabbed him again, threatened him, and then pushed him toward the door. The bartender again told Sheard to leave.

Sheard left and got into his car in the parking lot. Fitzpatrick and plaintiff soon followed and entered Fitzpatrick's car. Sheard testified that he feared Fitzpatrick would chase him and, therefore, decided to "immobilize" Fitzpatrick's car. Sheard used his car to push Fitzpatrick's car over an embankment. Plaintiff, a passenger in Fitzpatrick's car, was injured.

Plaintiff filed this action against defendant and Sheard. He alleged, in part, that defendant had failed to protect him from Sheard while on the defendant's premises.

Sheard settled prior to trial. The action against defendant was tried to a jury. At the close of all the evidence, the trial court granted defendant's motion for a directed verdict on the premises liability claim.

The trial court determined that there was a duty owed by owners of a bar to keep the premises safe and to safeguard the health and safety of any patrons. However, it also concluded that there must be evidence of either some notice to the bar or some knowledge on its part that an injury could happen and that it failed to take reasonable steps to prevent that injury in order to show a breach of duty. The trial court determined that the evidence was wholly deficient in that regard; therefore, it concluded, as a matter of law, there was no issue for the jury to determine.

■ The question whether a defendant breached its duty by its actions or by its failure to act is a question of fact to be decided by the jury. *Taco Bell, Inc. v. Lannon*, 744 P.2d 43 (Colo.1987). Only when the evidence is so clear that reasonable minds could not differ as to whether a breach of duty had occurred may the trial court take that question from the jury and direct a verdict. *Taco Bell, Inc. v. Lannon, supra; Kiefer Concrete, Inc. v. Hoffman*, 193 Colo. 15, 562 P.2d 745 (1977). Also, in reviewing a directed verdict, we must view the evidence in the light most favorable to the plaintiff, drawing all reasonable inferences in favor of the plaintiff. *Metropolitan Gas Repair Service, Inc. v. Kulik*, 621 P.2d 313 (Colo.1980).

■ Here, the evidence at trial showed the bartender requested Fitzpatrick and plaintiff to stay until Sheard left, and that she then observed the physical confrontation between Fitzpatrick and Sheard at the pay telephone.

This evidence, taken in a light most favorable to the plaintiff, would permit a reasonable jury to determine that a reasonable bar owner would foresee a potential

danger and act to prevent it. Therefore, there was a question of fact whether defendant breached its duty to plaintiff, and the trial court committed reversible error by directing the verdict for defendant.

■ Defendant maintains that it had no knowledge or reason to know that Sheard might act as he did or that he had any violent tendencies which might have alerted its employees in sufficient time to prevent any harm; therefore, the incident was unforeseeable. However, foreseeability is based on common sense perceptions of the general risks created by various conditions and circumstances, and, to establish that an incident is foreseeable, it is not necessary that defendant be able to determine how an incident will occur. *Taco Bell, Inc. v. Lannon, supra.*

■ Therefore, it was not necessary that defendant foresee Sheard's violent reaction, but only that the confrontation between Sheard and Fitzpatrick in the bar could lead to further confrontation in the parking lot resulting in injury to one of its patrons. *See Kerby v. Flamingo Club, Inc.*, 35 Colo.App. 127, 532 P.2d 975 (1974) (tavern owner has the responsibility to intervene in any altercation to protect persons lawfully on the premises once its employees know or should know an altercation is in progress).

The judgment is reversed on the issue of premises liability, and the cause is remanded for new trial.

KELLY and METZGER, JJ., concur.